T.C. Summary Opinion 2018-21

UNITED STATES TAX COURT

STANISLAV ANTONIEV DIMITROV, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27478-16S.                    Filed April 9, 2018.

Stanislav Antoniev Dimitrov, pro se.

<u>Victoria E. Cvek</u> and <u>Nancy M. Gilmore</u>, for respondent.

SUMMARY OPINION

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the

petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined deficiencies in, and accuracy-related penalties on, petitioner's Federal income tax for 2013 and 2014 as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|-----------|----------------------|
| 2013 | $3,211 | $642 |
| 2014 | 2,375 | 475 |

After concessions by respondent,[2] and without regard to computational adjustments, the issues for decision are:

(1) whether petitioner is entitled to deduct Schedule C car expenses of $13,506 and $13,560 for 2013 and 2014, respectively, and

---

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code, as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.  All monetary amounts have been rounded to the nearest dollar.

[2] Respondent concedes that petitioner is entitled to deductions claimed on his Schedules C, Profit or Loss From Business, for repairs and maintenance expenses of $1,381 and $970 for 2013 and 2014, respectively.

(2) whether petitioner is liable for accuracy-related penalties for negligence or disregard of rules or regulations under section 6662(a) and (b)(1) for 2013 and 2014.

Background

Some of the facts have been stipulated, and they are so found. The Court incorporates by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Maryland at the time that the petition was filed with the Court.

In 2013 and 2014, the taxable years in issue, petitioner was employed and reported wages of $56,138 and $55,263, respectively, on his income tax returns for those years. Petitioner's wages were received in part from Whole Foods Market Group, Inc., and in part from Euler Hermes Collections, a commercial debt collection company. For 2013 petitioner itemized his deductions on a Schedule A, Itemized Deductions, and he claimed, inter alia, a deduction for unreimbursed

employee business expenses based principally on 12,160 business miles.[3]  For 2014 petitioner did not itemize his deductions.

In 2013 petitioner began what he described as a commercial services and leasing business, which he also operated in 2014.  This business consisted of purchasing and renovating real property for lease or sale.  Thus, in May 2013 petitioner purchased a mixed-use commercial and residential property in Hagerstown, Maryland, and in August 2013 he purchased a triplex residential property, also in Hagerstown (collectively, Hagerstown properties).  Petitioner operated his business from his home in Montgomery Village, Maryland (Montgomery Village address), and later, after he had moved, he operated his business from his home in Owings Mills, Maryland (Owings Mills address).[4]

After the purchase of the Hagerstown properties petitioner engaged third-party contractors to renovate them.  Petitioner also performed some of the low-

---

[3] Petitioner supported that deduction on Form 2106-EZ, Unreimbursed Employee Business Expenses.  Even though he responded to the question on the form "Do you have evidence to support your deduction?" by marking the box "no", the deduction was not disallowed by respondent in the notice of deficiency and is not at issue in the present case.

[4] The record does not disclose when petitioner moved from Montgomery Village to Owings Mills, but presumably it was sometime in 2013, as he deducted moving expenses on his 2013 income tax return and attached thereto Form 3903, Moving Expenses.

skill work himself, purchased various building supplies, and collected rent from tenants.

Petitioner timely filed a Federal income tax return for each of the years in issue. Petitioner attached to each of his 2013 and 2014 tax returns a Schedule C for his commercial services and leasing business. As relevant, petitioner claimed deductions of $13,506 and $13,560 for car expenses for 2013 and 2014, respectively.

The Internal Revenue Service (IRS) subsequently commenced an examination of petitioner's 2013 and 2014 income tax returns. In October 2016 respondent sent petitioner a notice of deficiency. As relevant, respondent disallowed for lack of substantiation petitioner's claimed deductions for Schedule C car expenses for 2013 and 2014. In addition, respondent determined that petitioner was liable for the accuracy-related penalty under section 6662(a) based on negligence or disregard of rules or regulations. Prior to the issuance of the notice of deficiency, the accuracy-related penalty was approved in writing by the IRS examiner's group manager, as documented by a Civil Penalty Approval Form.

In response to the notice of deficiency petitioner filed a timely petition for redetermination with the Court. Subsequently, and in anticipation of trial, petitioner prepared and provided respondent with a document entitled "2013 &

2014 Mileage Explanation and Summary" (mileage summary).  At trial petitioner testified that the data in his mileage summary was based on "a different log at the time * * * I was keeping on paper in my car."  Petitioner did not offer the "different log" at trial, nor does it appear that it was ever provided to respondent.

Insofar as the mileage summary is concerned, petitioner recorded that it was 94.8 miles round trip from his Montgomery Village address to the Hagerstown properties and 144.6 miles round trip from his Owings Mills address to the Hagerstown properties.  Thereafter, the entries purport to list the dates that petitioner drove between these locations and the number of round-trip miles for each trip.  According to the mileage summary, petitioner made 200 trips in 2013 between May 28 and December 29, specifically including 189 consecutive trips on every single day from June 13 through December 23, for a total which the summary denominates 23,907 "estimated mileage claimed".

Petitioner visited his parents in the Boston, Massachusetts area for a number of days in mid to late November 2013.

Also according to the mileage summary, petitioner made 255 trips in 2014, for a total which the summary denominates 24,214 "estimated mileage claimed".[5]

_____

[5] These trips are generally recorded in blocks of consecutive days.  Thus, for example, the mileage summary lists 34 back-to-back daily trips from March 29

(continued...)

Notably, 252 of the 255 trips in 2014 are recorded in the mileage summary at 94.8 miles despite the fact that petitioner had previously moved from the Montgomery Village address to the Owings Mills address. See supra note 4.

As previously indicated, and according to the mileage summary, petitioner drove 23,907 "estimated" miles in 2013 and 24,214 "estimated" miles in 2014. Applying the IRS standard mileage rate to these numbers,[6] petitioner argues that he is entitled to the deductions for car expenses reported on his Schedules C for 2013 and 2014.

## Discussion

### A. General Principles

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84

---

[5](...continued)
through May 1 and 57 back-to-back daily trips from May 24 through July 19.

[6] The Commissioner generally updates the optional standard mileage rate annually. See sec. 1.274-5(j)(2), Income Tax Regs. Notice 2012-72, sec. 2, 2012-50 I.R.B. 673, 673, established the standard mileage rate of 56.5 cents per mile for 2013. Notice 2013-80, sec. 3, 2013-52 I.R.B. 821, 821, established the standard mileage rate of 56 cents per mile for 2014.

(1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); cf. sec. 7491(a) (which section does not serve to effect any burden-shifting in the instant case given petitioner's failure (1) to raise the matter and (2) to comply with all of the requirements of section 7491(a)(2)).  Further, section 6001 and the regulations promulgated thereunder require taxpayers to maintain records sufficient to permit verification of income and expenses.  See sec. 1.6001-1(a), Income Tax Regs.

In the absence of adequate records, if a taxpayer provides sufficient evidence of having incurred a deductible expense but is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the expense and allow the deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made.  Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

B. Car Expenses

In the case of certain expenses, section 274(d) overrides the so-called Cohan doctrine. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Specifically, and as relevant herein, section 274(d) provides that no deduction is allowable with respect to listed property as defined in section 280F(d)(4) unless the deduction is substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder. Included in the definition of listed property in section 280F(d)(4) is any passenger automobile.

Thus, under section 274(d), no deduction is allowable for expenses incurred in respect of listed property such as a passenger automobile on the basis of any approximation or the unsupported testimony of the taxpayer. E.g., Golden v. Commissioner, T.C. Memo. 1993-602. In other words, in the absence of adequate records or sufficient evidence corroborating the taxpayer's own statement, any deduction that is subject to the stringent substantiation requirements of section 274(d) is proscribed. These stringent substantiation requirements are designed to encourage taxpayers to maintain records and other documentary evidence

substantiating each element of the expense to be deducted. Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioner claimed deductions for car expenses on his Schedules C for 2013 and 2014 related to his commercial services and leasing business. Petitioner contends that he is entitled to these deductions based on applying the IRS standard mileage rate to the "estimated mileage" shown in his mileage summary.

For a variety of reasons the Court does not find petitioner's mileage summary sufficiently reliable or petitioner's testimony fully credible to satisfy the strict substantiation requirements of section 274(d). First, the mileage summary was prepared in anticipation of trial and not contemporaneously with petitioner's trips to and from the Hagerstown properties. "[T]he probative value of written evidence is greater the closer in time it relates to the expenditure or use." Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). At trial petitioner testified that the data in his mileage summary was based on "a different log at the time * * * I was keeping on paper in my car." However, petitioner did not offer the "different log" at trial, nor does it appear that any such log was ever provided to respondent.[7]

---

[7] With respect to the deduction based on mileage claimed by petitioner for unreimbursed employee business expenses in 2013, see supra note 3 and

(continued...)

In addition, the mileage summary contains far too many other irregularities, errors, and questionable and improbable entries to be considered reliable. First, the mileage summary indicates that petitioner was unrealistically busy. For example, petitioner claims that he made 200 trips to the Hagerstown properties between May 28 and December 29, 2013, specifically including 189 consecutive trips from June 13 through December 23. And yet in 2013 petitioner was employed, earned wages of $56,138, and reportedly incurred unreimbursed employee business expenses consisting principally of business mileage of 12,160. Petitioner was also employed in 2014 and earned wages of $55,263, yet he claims to have made 255 trips to the Hagerstown properties throughout the year, generally on consecutive days in blocks of time as long as 57 days.

Furthermore, for 252 of the 255 trips that petitioner allegedly made in 2014 he recorded 94.8 miles in the mileage summary despite the fact that he had previously moved to the Owings Mills address, which was (according to the mileage summary) a round trip of 144.6 miles. The Court regards petitioner's trial testimony of shortchanging himself to be too dubious to be convincing. It is well

[7](...continued)
associated text, petitioner indicated on his Form 2106-EZ that he did not have evidence to support the deduction. The Court finds it odd that petitioner now claims to have kept a log for mileage pertaining to his Schedule C but admits that he did not do so for mileage pertaining to his employment.

established that the Court is "not required to accept the self-serving testimony of petitioner * * * as gospel." Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). Indeed, in Diaz v. Commissioner, 58 T.C. 560, 564 (1972), we observed that the process of distilling truth from the testimony of witnesses, whose demeanor we observe and whose credibility we evaluate, "is the daily grist of judicial life."

Finally, documentary evidence in the record establishes that petitioner was in the Boston, Massachusetts, area for a number of days in mid to late November 2013, a fact that petitioner candidly admitted at trial, testifying that he was there visiting his parents. Yet on a number of days in November 2013 when petitioner was in Massachusetts, he recorded mileage in his summary for daily trips from his home in Maryland to the Hagerstown properties.

Although the Court does not doubt that petitioner incurred expense in driving to the Hagerstown properties in 2013 and 2014, the law does not permit the Court to estimate his mileage but rather demands strict substantiation. Sec. 274(d). Because petitioner failed to maintain and present adequate records, and further because petitioner's after-the-fact mileage summary and his testimony at

trial are an insufficient substitute for such records, the Court is obliged to sustain respondent's disallowance of the deductions in issue.[8] See sec. 274(d).

C. Accuracy-Related Penalty

As relevant herein, section 6662(a) and (b)(1) imposes a penalty equal to 20% of the amount of any underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" includes any failure to make a reasonable attempt to comply with tax laws, and "disregard" includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c). Negligence also includes any failure to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs.

With respect to a taxpayer's liability for the penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to produce sufficient evidence indicating that it is appropriate to impose the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). Once the Commissioner satisfies the burden of production, the taxpayer must

---

[8] At trial petitioner testified (without objection by respondent) that he had received a settlement offer based on an estimate of business miles. Petitioner testified further (again without objection by respondent) that he had rejected the offer as insufficiently generous, and he essentially importuned the Court to do better. However, as has been made plain in the text, sec. 274(d) prohibits the Court from estimating the amount of a mileage deduction and mandates instead strict substantiation.

produce persuasive evidence that the Commissioner's determination is incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Higbee v. Commissioner, 116 T.C. at 447.

Respondent has satisfied his burden of production because he: (1) established that petitioner failed to maintain adequate substantiating records for his car expenses and (2) presented a Civil Penalty Approval Form that provides that the penalties were "personally approved (in writing) by the immediate supervisor of the individual making such determination." See sec. 6751(b)(1); Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part and rev'g in part T.C. Memo. 2015-42; Graev v. Commissioner, 149 T.C. __, __ (slip op. at 14) (Dec. 20, 2017), supplementing 147 T.C. __ (Nov. 30, 2016).

Section 6664(c)(1) provides an exception to the imposition of the accuracy-related penalty if the taxpayer establishes that there was reasonable cause for, and the taxpayer acted in good faith with respect to, the underpayment. Sec. 1.6664-4(a), Income Tax Regs. The decision whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Generally, the most important factor in so deciding is the extent of the taxpayer's effort to assess the proper tax liability. Id.

Petitioner did not satisfy his burden of persuasion with respect to reasonable cause and good faith. The mileage summary that he offered was not prepared contemporaneously but rather in anticipation of trial, and the entries were (at best) inconsistent and improbable. Thus, on the record before us, the Court is unable to conclude that petitioner acted with reasonable cause and in good faith within the meaning of section 6664(c)(1). Accordingly, petitioner is liable for the accuracy-related penalty under section 6662(a) for each of the years in issue.

In order to give effect to the Court's disposition of the disputed issues, as well as respondent's concession, see supra note 2,

Decision will be entered

under Rule 155.